**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4253**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CORDERA RAYSHARD BROWN,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00251-WO-1)

Submitted: October 20, 2020                Decided: October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cordera Rayshard Brown appeals the district's court's revocation of his supervised release and the imposition of a twenty-four-month consecutive sentence following revocation of his supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) asserting that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in ordering the sentence to run consecutive to the sentence Brown had already received for some of the underlying conduct. Brown was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a responsive brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we must first consider whether the sentence imposed is unreasonable. *Id.* at 438. Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. *Id.* at 439.

Under 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." Further, in situations where the offense occurred while the defendant was on supervised release, the Sentencing Guidelines recommend that the sentences for the offense and the supervised release violation run consecutively. U.S. Sentencing Guidelines Manual § 5G1.3(c), cmt. n.4(C). In determining whether the terms will run concurrently or consecutively, the district court must consider the 18 U.S.C.

2

§ 3553(a) factors. Here, the district court properly considered that supervised release did not deter Brown from committing serious offenses, his criminal history, deterrence, protection of the public, and the Guidelines policy in favor of consecutive sentences. As such, we find no abuse of discretion and determine that Brown's sentence was reasonable.

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*